SOPHIA M. GARRETSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5818.   Promulgated March 15, 1928.

*F. O. Straight, C. P. A.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

1384

OPINION.

LITTLETON: At the time of the making of the contract hereinbefore quoted, and the placing of the same with deed to the property in escrow with a bank, the property in question was under lease, the expiration date of which was in the year 1920. Bruce was desirous of not being compelled to resort to legal means to get possession of the property from the lessee in the event he should fail to quit the premises upon the expiration of the lease, and a contract was entered into between petitioner and her husband and Bruce, whereby Bruce agreed that he would purchase the property only in the event possession was delivered on or before March 4, 1920. The contract also provided that if possession should not be delivered as agreed, all amounts paid by Bruce would be returned to him with interest at the rate of 7 per cent per annum. Bruce was given possession of the property upon the expiration of the lease thereon in 1920. The evidence does not show when petitioner and her husband took back the property and forfeited the payments of principal and interest which had been made by Bruce.

We are here dealing only with petitioner's tax liability for the calendar year 1919 and with the question whether the $4,000 earnest money paid to petitioner and her husband by Bruce upon the execution of the contract hereinbefore quoted was income in that year. In that contract petitioner and her husband agreed to sell to Bruce and Bruce agreed to purchase, but his agreement to purchase was upon a specific contingency, namely that petitioner and her husband would give him peaceable possession of the land on or before March 4, 1920. The sale was not consummated upon the execution of the contract and the placing of the same with the deed in escrow. The

contract wherein the petitioner and her husband agreed to sell and Bruce agreed to buy, provided that it was to be forfeited and determined in the event possession should not be delivered to Bruce on or before March 4, 1920. Until Bruce got actual possession of the property, or until possession was tendered him, he did not purchase the property, nor had he parted with ownership of the $4,000 paid. Until the happening of the event mentioned in the contract relative to possession, the sale was not completed. Until 1920, Bruce was not obligated to make any further payment on the purchase price agreed upon, but on the contrary was entitled to receive back the earnest payment made, with interest at the rate of 7 per cent per annum, if petitioner and her husband did not deliver possession of the property within the time agreed upon. In the opinion of the Board petitioner derived no taxable gain from this transaction in the year 1919.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*